**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANEE' MARCHELLE FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:22-cv-01191-SPM |
| ) | |
| UNITED STATES OF AMERICA ) | |
| MILITARY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Janee' Marchelle Fuller for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who has filed a civil action against the United States of America Military ("United States Military") and the United States Intelligence Community. (Docket No. 1 at 1). More particularly, she purports to bring claims against the Army, the Air Force, the Navy, the Central Intelligence Agency, the Defense Advanced Research Projects Agency, the Department of Homeland Security, the Defense Intelligence Agency, the Department of Defense, the Federal Bureau of Investigation, the National Geospatial-Intelligence Agency, and

2

the National Security Agency. (Docket No. 1 at 3). Plaintiff claims that these entities violated her constitutional rights under the First, Third, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. She further asserts that these violations took place "daily for the past five years."

The "Statement of Claim" consists of fifteen typewritten pages. It consists of a series of statements that are often unsupported by facts, given without context, and seldom directed specifically at the defendants. Many of the assertions are simply bizarre.

Plaintiff begins by accusing the United States Military and Intelligence Community of "pretending to be God," which made her "lose [her] faith in the high power." (Docket No. 1 at 6). She states that she has "a right to freedom of religion, without any interference…in [her] beliefs about God." Plaintiff further alleges that she has "been tortured, intimidated, harassed, mentally and verbally abused, and sexually and physically assaulted daily for the past five years through government resources, all while reporting [her] concerns to local, federal and international authorities."

Aside from those claims, plaintiff states that she has been threatened with the theft of her intellectual property. (Docket No. 1 at 7). She suggests that this threat is being made because "no one would believe" that "the ideas" were hers, "because of [her] physical features." Plaintiff also asserts that James Mattis told her that she would "be getting stole from forever" due to "all the times [she] stole in [her] life."

Plaintiff insists that her privacy "is being invaded" by the Children's Health Insurance Program. In support of this contention, she notes that the program's acronym is "CHIP," and that this refers to "a microchip implanted in all citizens who have been vaccinated." To that end, plaintiff believes that she is being surveilled "from [her] eyes" while she is engaged in "intimate" or private moments.

3

Following the opening allegations, plaintiff structures the rest of her complaint on a claim-by-claim basis, going through each of the specific constitutional amendments she believes were violated. The Court will attempt to summarize each claim below.

First, with regard to the First Amendment,[1] plaintiff complains of receiving audio "threats against [her] life, because they claim [she is] responsible for a threat against [t]he United States of America National Security." (Docket No. 1 at 7-8). Apparently, she has knowledge of "top secret" information for which she does "not have a clearance code." (Docket No. 1 at 8). However, plaintiff states that she only knows this classified information because the government has "tortured and taunted" her "through the audio part of the government device," thereby exposing the government's "own resources." She argues that she has "a right to tell someone what happened to" her, but that she has been threatened by her "local city and county police" for telling the truth, and that she has also been threatened with commitment "to local psych wards."

Plaintiff also claims that her "right to petition the Government for a redress of grievances has been violated by the fact that each time" she has tried to file a lawsuit, she "was literally distracted due to manipulation or talked out of it." (Docket No. 1 at 9). By way of further explanation, she notes that she was diagnosed as having paranoid schizophrenia. Because a person with this diagnosis hears voices, and sees things that are not there, she states that "local police or federal agencies" do not believe her when she tells them about the audio messages that she receives. Additionally, plaintiff asserts that the United States Military, the Intelligence Community, or a "terrorist" with access to their resources has used "visual surveillance" to "see [her] law suit." (Docket No. 1 at 9-10). She states that it is "hard to prepare for court" when the

---

[1] The First Amendment provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

4

people she is suing "can attack [her] claims" and "know all [her] allegations," even before it is "placed and stamped in the court system." (Docket No. 1 at 10).

Second, as to the Third Amendment,[2] plaintiff notes that the amendment prevents the quartering of soldiers in her house during a time of peace, and that "in this case," the term "house" means her "body." Confusingly, she goes on to note that she is "under investigation for the [rape] of [her] niece, the rape of [her] two older cousins, the attempted murder of [her] mother when [she] was 15, the armed robbery of a Chinese restaurant when [she] was 17, [and] the sexual assault of 5 children when [she] was" under the age of twelve. As best the Court can tell, plaintiff seems to be alleging that she has been "interrogated" for these crimes by use of "a top secret resource," and that this amounts to an unlawful quartering of troops.

Third, regarding the Fourth Amendment,[3] plaintiff assert an unreasonable search and seizure by the government with regard to their "C.H.I.P. surveillance," which was allegedly used to invade her privacy, and to "alter several frames" of a photograph making it look like plaintiff committed a sexual assault. (Docket No. 1 at 10-11). She also believes that the government has committed a HIPPA violation by "seizing medical records to make it look like there have been stigmas [her] whole life and nothing [she] say[s] is to be believed." (Docket No. 1 at 11). Plaintiff states that she continues to receive audio messages, and that is "extremely unreasonable" to use this tactic to "elicit information from" her.

---

[2] The Third Amendment provides: "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. amend. III.

[3] The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized. U.S. Const. amend. IV.

5

Fourth, concerning the Fifth Amendment,"[4] plaintiff states that she has "the right to remain silent, especially in a capital…or other infamous crime." In particular, she alleges that when she was arrested for her various crimes, she was never read her *Miranda* rights. Plaintiff also contends that she is "the victim of contract killing, killing that will leave no trace," and that she "was set up to look like James Mattis." She further notes that she has "admitted all crimes to [her] local police and local federal authorities," that she "was never questioned anywhere but on" her cellphone, via the MK Ultra Program or the Children's Health Insurance Program, and that they "elicited answer[s] from [her] through [her] thought process that is captured as audio from [her] vocal vibration." (Docket No. 1 at 11-12).

Fifth, as to the Eighth Amendment,[5] plaintiff asserts that she "is still being violated as [she] type[s] this suit," and that "cruel and unusual punishments [are being] inflicted upon" her. (Docket No. 1 at 12). Specifically, she states that she is "being penetrated…without someone actually touching [her] physical body." Plaintiff also asserts that she has been wrongly accused of transmitting HIV to various individuals, even though she is "HIV negative," and that she has been "implanted" with a "chip." (Docket No. 1 at 12-13). She believes that this chip is "in [her] stomach" and used to communicate with her at night. (Docket No. 1 at 13). Based on these allegations, plaintiff concludes that the "United States Military and [t]he United States Intelligence Community are trying to kill [her] without leaving a trace."

---

[4] The Fifth Amendment provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

[5] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII.

Sixth, with regards to the Ninth Amendment,[6] plaintiff references an individual named "Raymond" who is purportedly "a federal employee and a police officer." (Docket No. 1 at 14). According to plaintiff, Raymond threatened her in some way, but when she "took these threats" to the St. Louis Metropolitan Police Department, an officer told her that they "no longer [took] digital threats as evidence because they could be altered." Furthermore, plaintiff alleges that the United States Military and Intelligence Community may have altered evidence and "told people" that she acted inappropriately with her niece. (Docket No. 1 at 15).

Seventh, concerning the Thirteenth Amendment,[7] plaintiff asserts that she has received audio communication saying "they would claim servitude as a form of punishment for" her. In addition, she insists that she has been part of a permanent experiment to which she has not given her consent.

Eighth, regarding the Fourteenth Amendment,[8] plaintiff asserts a violation of the Equal Protection Clause. (Docket No. 1 at 16). More specifically, she states that she has "been locked up several times for [her] anger and crimes," while the "people" using their "resources" against her "claim immunity." Plaintiff argues that there is no equal protection if she is being punished for crimes, while the United States Military and Intelligence Community "have no consequences and get to continue to commit the same crime."

---

[6] The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[7] The Thirteenth Amendment provides, in relevant part: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, sec. 1.

[8] The Fourteenth Amendment provides, in relevant part: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, sec. 1.

According to plaintiff, the purported surveillance and audio messages began in 2016. (Docket No. 1 at 17). However, after 2018, she "realized it's been going on for at least a couple decades," and occurs "anywhere" she goes. Based on these allegations, plaintiff states that she has "scars…because someone wouldn't stop touching whatever device that can induce a real feel on [her] physical body without anyone touching [her] physical body." She also asserts a loss of privacy due to "eye surveillance," lost wages, mental stress, lost time, and a lost "sense of security." (Docket No. 1 at 17-18). With regard to relief, she states only: "To be discussed." (Docket No. 1 at 20).

Attached to the complaint is an exhibit that consists of plaintiff's typewritten notes from a phone call she made to the Department of Defense Inspector General Hotline. (Docket No. 1-1). As in the "Statement of Claim," the exhibit contains a number of strange allegations, including plaintiff's contentions that defendants are using citizens' headphones to make them do things, "using a visual resource to watch people bathe," utilizing the "ability to see through a citizens['] eyes" in order to gain "access to banking info and passwords," and implanting microchips into her, among other things. The Court has reviewed the exhibit and will treat it as part of the pleadings.[9]

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action against the United States Military and the United States Intelligence Community, alleging the violation of various constitutional rights. Because she is proceeding in forma pauperis, the Court has reviewed her

---

[9] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Lack of Subject Matter Jurisdiction for Claims Against the United States**

Plaintiff has named the United States Military and the United States Intelligence Community as defendants. The claims against them are treated as being made against the United States itself. However, the claims fail for lack of subject matter jurisdiction, as the United States is immune from suit.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden

of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Here, as previously noted, plaintiff's claims are treated as being made against the United States. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature," and "shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

In order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership*, 235 F.3d at 1112. *See also Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (explaining that the United States and its agencies enjoy "immunity from suit, absent a waiver"). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Plaintiff has not asserted a waiver of sovereign immunity by the United States, and none is apparent on the face of the complaint. Though she alleges the violation of eight separate constitutional rights, any claim for an alleged constitutional violation under 42 U.S.C. § 1983 does not apply to the federal government. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that under § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of *state* law, and (2) that the alleged wrongful conduct deprived the

plaintiff of a constitutionally protected federal right") (emphasis added). Meanwhile, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971), plaintiff can bring an action "almost identical" to § 1983 against federal officials. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). However, "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).

There are also no facts to support the proposition that plaintiff is attempting to bring a claim under the Federal Tort Claims Act. *See Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019) (explaining that the FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable"). Finally, plaintiff has not established that the federal government has waived its immunity under 28 U.S.C. § 1346(a)(2), which "waives sovereign immunity where a plaintiff seeks less than $10,000 in damages for a constitutional violation." *See Aspen Composers' Conference v. Library of Congress, Cataloging in Publication Division*, 2013 WL 3716641, at *4 (D. Minn. 2013). This is because plaintiff has not adequately asserted a constitutional violation against the federal government, and has not stated the amount of damages she is seeking.

For all these reasons, plaintiff has failed to demonstrate that the United States has waived its sovereign immunity. As there is no waiver, sovereign immunity is intact, and the Court lacks subject matter jurisdiction over her claims. Therefore, the case must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## B. Failure to State a Claim Against Defendants

Even if plaintiff had demonstrated the existence of subject matter jurisdiction, she has failed to state any sort of claim against the United States. As noted above, to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. That is, plaintiff must present factual allegations sufficient "to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Moreover, pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Despite proceeding as a self-represented litigant, plaintiff is still required to comport with the Federal Rules of Civil Procedure. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law"); and *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure").

Here, plaintiff's complaint does not comport with the requirements of Rule 8. Rather than provide a short and plain statement, plaintiff's complaint is long, discursive, and filled with odd accusations given without context. More than that, plaintiff entirely fails to connect defendants with any factual allegations of misconduct. Instead, she introduces individuals without bothering to identify them, and then attributes to them wildly implausible actions, without ever demonstrating defendants' liability, or giving any indication as to why she is entitled to relief.

Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983). *See also White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint

described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings"); and *Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). Likewise, the complaint fails to state a claim sufficient to pass initial review under 28 U.S.C. § 1915(e)(2)(B), as plaintiff has not established a right to relief that rises above the level of sheer speculation.

### C. Factually Frivolous

Plaintiff's complaint is also subject to dismissal because it is factually frivolous. Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

In this case, as set forth at length above, plaintiff has asserted a number of fantastical allegations, including – but certainly not limited to – her belief that microchips have been implanted in her body; that defendants are communicating with her through some unexplained audio "resource"; that defendants have assaulted her without touching her; that defendants can see through her eyes, thereby invading her privacy; and that defendants have somehow altered evidence to make it look like she has committed a crime. These facts, such as they are, "rise to the level of the irrational or the wholly incredible," and the Court finds them to be fanciful and

delusional. Therefore, for this reason as well, plaintiff's case is subject to dismissal. *See Sikora v. Houston*, 162 F.3d 1165, 1998 WL 390444, at *1 (8th Cir. 1998) (unpublished opinion) (affirming district court dismissal of complaint as "delusional and therefore frivolous" where plaintiff alleged the "use of electro staticmagnetic pressure field devices that surround his body in pressure fields of varying degrees and frequencies" and that "caused him to suffer various physical problems"); and *Owens-El v. United States*, 2 Fed. Appx. 652, 658 (8th Cir. 2001) (stating that plaintiff's allegations that the United States Parole Commission, the Federal Bureau of Prisons, and the Federal Bureau of Investigation conspired to conceal the fact that plaintiff might be able to have a prior conviction overturned was frivolous and subject to pre-service dismissal).

**D. Pre-Service Dismissal**

As discussed above, plaintiff has sued the United States Military and United States Intelligence Community for alleged constitutional violations. The United States, however, has sovereign immunity from suit, and there is no indication of any waiver in this case. Because sovereign immunity is jurisdictional in nature, and as the issue of jurisdiction can be raised at any time, by any party or the Court, plaintiff's claims against the United States must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Even if the Court had jurisdiction, plaintiff has failed to comply with Federal Rule of Civil Procedure 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). To the contrary, plaintiff's long and sometimes incomprehensible assertions fail to show that defendants actually did anything to harm her. Similarly, she has not stated a claim that survives initial review, because her facts do not "raise a right to relief above the speculative level." *See Torti*, 868 F.3d at 671. Furthermore, the Court has

determined that plaintiff's claims are frivolous, as they have no basis in law or fact. As such, plaintiff's claims are subject to dismissal for these reasons as well. *See* 28 U.S.C. § 1915(e)(2)(B).

### E. Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

### F. Plaintiff's Motion for Judgement on the Pleadings and a Bench Trial, Motion for Protective Order, Motion to Not Grant a Dilatory Motion, and Second Motion for Judgement on the Pleadings

Subsequent to the initial filing of the complaint, plaintiff submitted four separate motions. The first is titled "Ex Parte Motion for a Motion for Judgement on Pleading and a Bench Trial." (Docket No. 5). In support of the motion, plaintiff states that "judgement can be made without the court/judge accepting evidence." She notes that "there are two…sides to every story," and that she "will never be able to produce evidence to prove the truth of [her] complaint." Nevertheless, plaintiff seeks judgement on the pleadings, or barring that, a bench trial, because a jury "can be manipulated." Attached to the motion are several exhibits, including an article titled "Artificial Intelligence Ethics Framework for the Intelligence Community," a 1982 newspaper column by Jack Anderson on the MK-Ultra Program, and a page of handwritten notes. (Docket No. 5-1).

The second motion is titled "Ex Parte Motion for Protective Order," and asks the Court for an order preventing the United States Military and Intelligence Community from using "their Top Secret resources" against plaintiff. (Docket No. 6). Plaintiff acknowledges that she has "no proof to show [these resources] actually exist," but still contends that the "internal noise is distracting," and will keep her from adequately representing herself. Attached is an "affidavit" supporting her motion. (Docket No. 6-1).

15

The third motion is titled "Ex Parte Motion to Not Grant a Dilatory Motion," in which plaintiff states that defendants "have had plenty of time to prepare" for this case because they "have been using these resources…on [her] for three decades." (Docket No. 7). As such, she does not want defendants to be allowed any "delay" and to "be ready to defend."

The final motion is entitled "Motion for Judgement on the Pleading," and reasserts plaintiff's claims that the United States Military and United States Intelligence Community has wrongfully used "audio and visual surveillance" against her. (Docket No. 8). She admits that she has no evidence in support of her case, and notes that the chip allegedly implanted in her "cannot be found." Still, plaintiff insists that she has been assaulted by defendants "through vaccination" without her consent, or the consent of her parents.

As discussed above, the Court has determined that plaintiff's complaint is subject to dismissal. First, the claims against the United States are barred by the doctrine of sovereign immunity. Because the United States has immunity, this Court lacks subject matter jurisdiction, and must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3). Second, the Court has determined that plaintiff has failed to state a claim, and that her allegations are frivolous, meaning they are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Even construing these four motions – and their additional allegations – as part of the original complaint, plaintiff has still failed to demonstrate a waiver of the sovereign immunity of the United States, has still failed to state a claim, and has repeated accusations that the Court deems frivolous. The Court will therefore deny these four motions as moot, as this case is being dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Judgement on the Pleadings and a Bench Trial (Docket No. 5), Motion for Protective Order (Docket No. 6), Motion to Not Grant a Dilatory Motion (Docket No. 7), and Second Motion for Judgement on the Pleadings (Docket No. 8) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of December, 2022.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE